KEVIN V. RYAN, CSBN 118321
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GHASSAN KHALIL MSALAM,<br><br>    Petitioner,<br><br>v.<br><br>NANCY ALCANTAR, FIELD OFFICE DIRECTOR OF SAN FRANCISCO IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL CHERTOFF, SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY; ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES,<br><br>    Respondents. | No. C 05-1881-CW<br><br>**STIPULATION TO TRANSFER HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |

    The petitioner, by and through his attorney of record, and respondents, by and through their attorneys of record, hereby stipulate, subject to the approval of this Court, to transfer the petitioner's petition for writ of habeas corpus to the United States Court of Appeals for the Ninth Circuit pursuant to the REAL ID Act.

    On May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), (c), 119 Stat. 231 (2005). Section 106 of the REAL ID Act amends section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a), to provide that the district courts lack

1  jurisdiction to review any final removal order, whether through a habeas petition under 28 U.S.C. §
2  2241 or otherwise, thus overturning the United States Supreme Court's decision in *INS v. St. Cyr*, 533
3  U.S. 289 (2001).  Moreover, section amended 8 U.S.C. § 1252(b)(9), which now states as follows:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in the judicial review of a final order under this section.  *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by  section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*").

8 U.S.C. § 1252(b)(9) (emphasis added).

Section 106(c) of the REAL ID Act provides that habeas petitions pending in district court on the effective date of the Act, May 11, 2005, shall be transferred to the Court of Appeals, where it will be treated as a petition for review.  Specifically, section 106(c) provides:

> Transfer of Cases – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply.

As the petitioner brought this habeas petition to challenge ICE's action to execute the petitioner's removal order, and the petition was filed prior to May 11, 2005, the parties agree that this Court must immediately transfer the habeas petition immediately to the United States Court of Appeals for the Ninth Circuit, where it will be treated as a petition for review.

The parties further agree that the temporary stay of removal to which the parties have agreed, will expire upon the transfer of this case to the Ninth Circuit.

DATED: June 10, 2005                        Respectfully submitted,

STIPULATION TO TRANSFER CASE
C 05-1881-CW                                 -2-

1
2      KEVIN V. RYAN
       United States Attorney
3
4               /s/
       EDWARD A. OLSEN[1]
5      Assistant United States Attorney
       Attorneys for Respondents
6
7
8
   DATED: June 9, 2005
9               /s/
       SARNATA REYNOLDS
10     Attorney for Petitioner
11
12
13
                        **ORDER**
14
       Pursuant to stipulation, IT IS SO ORDERED.
15
               /s/ CLAUDIA WILKEN
16 Date: 6/16/05
       _____
17     CLAUDIA WILKEN
       United States District Judge
18

---

[1] I, Edward A. Olsen, attest that both Attorney Reynolds and I have signed this stipulation and will produce the original signed copies upon request.

STIPULATION TO TRANSFER CASE
C 05-1881-CW                    -3-